Order and judgment (one paper), Supreme Court, New York County (Eeter H. Moulton, J), entered November 9, 2012, which granted the petition to confirm the arbitration award issued on remand that reinstated petitioner’s member Bowana Robinson to any eligible civil service position in which he would not have the responsibility to voucher property, and awarded him back pay, seniority and pension benefits as if he had never been terminated, reversed, on the law, without costs, the petition denied, the cross motion to vacate the award granted, and the matter remanded to a different arbitrator for reconsideration of an appropriate penalty.
*466 The award issued upon remand by the arbitrator was irrational (see CPLR 7511 [b] [1] [iii]), as it was not in accord with our directive that petitioner member’s criminal conviction mandated a finding of employee misconduct warranting a penalty (82 AD3d 644, 645 [1st Dept 2011]). The reinstatement of petitioner’s member to a civil service position with certain limitations of responsibility, along with an award of full back pay, seniority and benefits, effectively did not impose any penalty. We disagree with the dissent that limiting petitioner’s member to a position that does not permit him to voucher property is a penalty consistent with our prior decision. Furthermore, remand to a different arbitrator for reconsideration of the appropriate penalty, which can be any penalty within the range of penalties available to the arbitrator, is warranted under the circumstances presented (see e.g. Matter of Social Servs. Empls. Union Local 371 v City of N.Y. Admin, for Children’s Servs., 100 AD3d 422, 423 [1st Dept 2012]).
Concur—Gonzalez, EJ., Tom and Manzanet-Daniels, JJ.